UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TODD TONNOCHY,<br><br>            Plaintiff,<br>    v.<br>BRADLEY LEWIS,<br><br>            Defendants. | Case No. 3:24-cv-00375-ART-CSD<br><br>ORDER |

Plaintiff Todd Tonnochy brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Washoe County Detention Center. (ECF No. 1-1). On September 13, 2024, this Court ordered Tonnochy to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee on or before November 15, 2024. (ECF No. 3). The Court warned Tonnochy that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $405 filing fee for a civil action by that deadline. (*Id.* at 2). Tonnochy subsequently filed a notice of change of address, indicating that he had been moved to Northern Nevada Correctional Center, as well as two incomplete applications to proceed *in forma pauperis*, including state court forms, rather than this Court's approved forms. (ECF Nos. 4, 5, 6).

Because Tonnochy submitted two incomplete applications to proceed *in forma pauperis*, the Court considered meaningful alternatives to dismissal, and on December 4, 2024, the Court gave Tonnochy an extension until January 6, 2025, to submit a complete application to proceed *in forma pauperis*. (ECF No. 8).[1] That extended deadline has expired, and Tonnochy still has not filed a fully

---

[1] The Court is conducting a pilot program with a more streamlined process

1

1  complete application to proceed *in forma pauperis,* paid the full $405 filing fee,
2  or otherwise responded to the Court's order extending the deadline for him to file
3  a complete application to proceed *in forma pauperis.*

4  **I.   DISCUSSION**

5  District courts have the inherent power to control their dockets and "[i]n
6  the exercise of that power, they may impose sanctions including, where
7  appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los*
8  *Angeles,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based
9  on a party's failure to obey a court order or comply with local rules. *See Carey v.*
10 *King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to
11 comply with local rule requiring *pro se* plaintiffs to keep court apprised of
12 address); *Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th Cir. 1987)
13 (dismissal for failure to comply with court order). In determining whether to
14 dismiss an action on one of these grounds, the Court must consider: (1) the
15 public's interest in expeditious resolution of litigation; (2) the Court's need to
16 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
17 favoring disposition of cases on their merits; and (5) the availability of less drastic
18 alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.,* 460 F.3d 1217,
19 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130 (9th
20 Cir. 1987)).

21 The first two factors, the public's interest in expeditiously resolving this
22 litigation and the Court's interest in managing its docket, weigh in favor of
23 dismissal of Tonnochy's claims. The third factor, risk of prejudice to defendants,

---

25 for inmates at Northern Nevada Correctional Center to file applications to proceed *in forma pauperis.* The Court's December 4, 2024, order giving Tonnochy
26 one final opportunity to file an application to proceed *in forma pauperis,* included the streamlined instructions and form for inmates at Northern Nevada
27 Correctional Center. (ECF No. 8-1).

1  also weighs in favor of dismissal because a presumption of injury arises from the
2  occurrence of unreasonable delay in filing a pleading ordered by the court or
3  prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
4  1976). The fourth factor—the public policy favoring disposition of cases on their
5  merits—is greatly outweighed by the factors favoring dismissal.
6       The fifth factor requires the Court to consider whether less drastic
7  alternatives can be used to correct the party's failure that brought about the
8  Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
9  992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
10 the party has disobeyed a court order does not satisfy this factor); *accord*
11 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
12 "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
13 pursuit of less drastic alternatives prior to disobedience of the court's order as
14 satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
15 with the warning of dismissal for failure to comply[,]" have been "eroded" by
16 *Yourish*). Courts "need not exhaust every sanction short of dismissal before
17 finally dismissing a case, but must explore possible and meaningful
18 alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).
19 Because this action cannot realistically proceed until and unless Tonnochy
20 either files a fully complete application to proceed *in forma pauperis* or pays the
21 $405 filing fee for a civil action, the only alternative is to enter a third order
22 setting another deadline. But the reality of repeating two ignored orders is that
23 it often only delays the inevitable and squanders the Court's finite resources.
24 The circumstances here do not indicate that this case will be an exception: there
25 is no hint that Tonnochy needs additional time or evidence that he did not receive
26 the Court's order. Setting a third deadline is not a meaningful alternative given
27 these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Tonnochy's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee in compliance with this Court's September 13, 2024, and December 4, 2024, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Tonnochy wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 11th day of February 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE